

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00539-CR

LIONELL FRAZIER, JR.                                    APPELLANT

V.

THE STATE OF TEXAS                                      STATE

----------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1290856D

----------

## MEMORANDUM OPINION[1]

----------

In one point, Appellant Lionell Frazier Jr. appeals his conviction of aggravated assault against a public servant with a deadly weapon, arguing that the trial court abused its discretion by denying his motion for mistrial when it was discovered during trial that the State had failed to disclose exculpatory evidence

---

[1]See Tex. R. App. P. 47.4.

in violation of *Brady v. Maryland*, 373 U.S. 83, 87–88, 83 S. Ct. 1194, 1197 (1963).  We affirm.

Frazier used his vehicle to drag Arlington Police Officer John Thomas forty or fifty feet, causing the officer to suffer a hyperextension of his left leg.  During trial on the offense, while cross-examining Officer Kellen Garrett, who had observed the encounter, Frazier learned for the first time that the statement of a non-police witness had been taken.  Frazier rejected the State's offer to continue the case and moved for a mistrial, which the trial court denied.  This appeal followed.

The State argues that Frazier waived his complaint by failing to request a continuance after learning of the undisclosed witness statement.  *See* Tex. R. App. P. 33.1(a)(1).  The court of criminal appeals has held that, like other constitutional rights, the right to timely disclosure of exculpatory evidence is subject to procedural default.[2]  *Wilson v. State*, 7 S.W.3d 136, 146 (Tex. Crim. App. 1999).

Assuming without deciding that Frazier preserved this point for our review, based on the record presented here, he cannot meet the three-pronged test to establish reversible error for a *Brady* violation, which requires Frazier to show

---

[2]In *Wilson*, the State disclosed the complained of evidence five days before trial, but appellant did not request a continuance before testimony began or before resting his case.  7 S.W.3d at 146.  The court held that appellant's *Brady* complaint was untimely because he failed to request a continuance until after jeopardy had attached and both sides had rested their cases-in-chief.  *Id.*

that: (1) the State failed to disclose evidence, regardless of the prosecution's good or bad faith; (2) the withheld evidence is favorable to him; and (3) the evidence is material, that is, there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different. *Pena v. State*, 353 S.W.3d 797, 809, 812 (Tex. Crim. App. 2011); *Hampton v State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002). We analyze an alleged *Brady* violation "in light of all the other evidence adduced at trial." *Hampton*, 86 S.W.3d at 612–13.

"Favorable evidence is that which, if disclosed and used effectively, '*may* make the difference between conviction and acquittal.'" *Pena*, 353 S.W.3d at 811 (quoting *United States v. Bagley*, 473 U.S. 667, 676, 105 S. Ct. 3375, 3380 (1985)). Favorable evidence includes evidence that disputes, disparages, denies, or contradicts other evidence. *Pena*, 353 S.W.3d at 812. The mere possibility that the undisclosed evidence might have helped the defense or affected the outcome of the trial does not establish its "materiality" in the constitutional sense. *Id.*; *Hampton*, 86 S.W.3d at 612. Instead, the defendant must show that there is a reasonable probability that, had the evidence been disclosed to the defense, the result would have been different. *See Pena*, 353 S.W.3d at 812; *Pitman v. State*, 372 S.W.3d 261, 271 (Tex. App.—Fort Worth 2012, pet. ref'd). We review a trial court's denial of a motion for mistrial for an abuse of discretion. *Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004).

3

Here, the parties do not dispute that the evidence was not disclosed before trial. Although the undisclosed statement itself was not included in the record, the trial court described its contents on the record outside the jury's presence. In her statement, Rozzatta Williams indicated that she had observed an officer hanging out the window of a car while being dragged at least thirty-five yards down the street. She also stated that the suspect fought with the officers and was tased as he tried to run away.[3]

The trial court stated that while this was "certainly not what this Court want[ed] to see regarding discovery," Officer Garrett's failure to disclose the evidence did not rise to the level of incurable error sufficient to warrant a mistrial. Instead, the trial court ordered that the State was precluded from going into any information regarding Williams or the statement she had provided and instructed the jury to disregard Officer Garrett's statement that an eyewitness's account of the events had been recorded.

Based on the trial court's description of the withheld statement, the record reveals that Williams's eyewitness account favored the State, not Frazier, because her statement corroborated the officers' accounts of the events in

[3]Officer Thomas testified that he had reached into Frazier's car after noticing a green substance appearing to be marijuana in Frazier's lap and that Frazier had accelerated and forced him to hold onto the car as he was dragged forty or fifty feet with his torso hanging inside the driver's side window. Officer Garrett testified that he had heard the sound of an engine accelerating and turned to see Officer Thomas's legs hanging out the side of the moving car. Both officers testified that Frazier had resisted arrest and that they were forced to taser him multiple times before he could be detained.

4

question. *See Pitman*, 372 S.W.3d at 271 (holding that appellant failed to establish undisclosed notes were favorable when other witnesses' testimonies were generally consistent with the undisclosed documents). Thus, Frazier is unable to establish that the undisclosed statement was favorable.

Furthermore, although Frazier asserts that the failure to disclose Williams's statement "had a dramatic impact on [his] defense" and that his "entire defense strategy may well have been altered, or even discarded" if he had known about the statement, he does not explain how his knowledge of Williams's statement would have changed his overall strategy, which was to discredit the officers, or why having such information would have affected his decision to plead not guilty. *See Pitman*, 372 S.W.3d at 272 (stating that appellant did not establish materiality prong when he failed to objectively demonstrate that he would have changed his plea had he known about the undisclosed evidence); *Spruiell v. State*, Nos. 05-01-01414-CR, 05-01-01415-CR, 2003 WL 21508441, at *4 (Tex. App.—Dallas July 2, 2003, pet. ref'd) (mem. op., not designated for publication) (holding undisclosed statements not material when appellant did not explain how strategy would have changed if evidence had been disclosed sooner). Instead, Frazier broadly asserts that the outcome of his case might have been different had the information been timely disclosed. *See Pena*, 353 S.W.3d at 812 (stating that the mere possibility that undisclosed information might have affected the outcome does not establish materiality); *Hampton*, 86 S.W.3d at 612 (same).

5

In light of the evidence supporting his conviction, Frazier's speculation about what might have occurred is insufficient to establish with a reasonable probability that his decision to plead not guilty, his strategy at trial, and the outcome of his case would have been different had the information been disclosed sooner. *See Pitman*, 372 S.W.3d at 272; *Owens v. State*, 381 S.W.3d 696, 700–01 (Tex. App.—Texarkana 2012, no pet.) (stating that due process rights are violated when "a prosecutor fails to disclose evidence favorable to the accused that creates a probability sufficient to undermine confidence in the outcome of the proceeding").

Moreover, in light of the officers' testimonies matching that of Williams's account of the events, the cumulative and redundant nature of her statement militates against its materiality. *See Lopez v. State*, No. 13-12-00076-CR, 2013 WL 3326829, at *3 (Tex. App.—Corpus Christi June 27, 2013, no pet.) (mem. op., not designated for publication) (stating that information in undisclosed recordings was cumulative and not material when witness acknowledged same information during testimony); *Saldivar v. State*, 980 S.W.2d 475, 485 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (holding witness's undisclosed theft conviction not material when witness's testimony was cumulative of other witnesses' testimonies). Thus, having failed to show a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed, Frazier is unable to establish that the evidence was material. *See Pena*, 353 S.W.3d at 812; *Pitman*, 372 S.W.3d at 271.

6

Accordingly, because the trial court could have reasonably concluded that the alleged *Brady* evidence was neither favorable nor material to Frazier's defense, we hold that it did not abuse its discretion by denying Frazier's motion for mistrial. *See Pena*, 353 S.W.3d at 809; *Hawkins*, 135 S.W.3d at 76–77. Therefore, we overrule Frazier's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 14, 2014